Charles A. Hamm (SBN 359861)
Law Office of Charles A. Hamm
300 Montgomery Ave #Q
Oxnard, CA 93036
Phone: (805) 308-4266
Email: info@law4ca.com

Attorney for:
JOHN DIAZ, Plaintiff

# IN THE US DISTRICT COURT OF CALIFORNIA

## COUNTY OF

| | |
|---|---|
| JOHN DIAZ, | Case No. 2:25-CV-01594-DC-CKD |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
| vs | |
| LODI ASSOCIATION OF REALTORS, CENTRAL VALLEY ASSOCIATION OF REALTORS, CALIFORNIA ASSOCIATION OF REALTORS, AND NATIONAL ASSOCIATION OF REALTORS, | Date: September 5, 2025<br>Time: 1:30 p.m.<br>Courtroom: 8, 13th Floor<br>Judge: Hon. Dena Coggins |
| Defendants. | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

## I. INTRODUCTION

Plaintiff John Diaz respectfully objects to Defendants' Request for Judicial Notice ("RJN") [ECF No. 16], filed on August 7, 2025 in connection with their Reply in Support of the Motion to Dismiss. The RJN presents new evidence and argumentative assertions for the first time in reply, depriving Plaintiff of a meaningful opportunity to respond, and seeks judicial notice of materials that are not proper subjects under Federal Rule of Evidence 201.

## II. TIMELINESS AND PROCEDURAL BASIS

Federal Rule of Evidence 201(e) provides that "[o]n timely request, a party is entitled to be heard" on the propriety of taking judicial notice. Under Eastern District Local Rule 230(d), oppositions to new matters raised in reply should be filed sufficiently before the hearing—in practice, at least seven days prior. This objection is timely.

The Ninth Circuit has long held that a court should not consider new evidence raised in reply without giving the opposing party an opportunity to respond. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). The RJN's exhibits—MetroList and CRMLS rules/forms—are not within the scope Defendants' Motion to Dismiss, or Plaintiff's Opposition and appear for the first time with their reply.

## III. SUBSTANTIVE GROUNDS FOR OBJECTION

1. **Improper Use of Judicial Notice to Prove Disputed Facts**

Judicial notice may be taken of a document's existence and authenticity, but not for the truth of disputed factual assertions contained therein. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Here, Defendants expressly request the Court to notice these materials as "contradicting" Plaintiff's allegations—an argumentative inference, not an indisputable fact.

2. **Irrelevance to Issues in the Motion**

Under FRE 401, the exhibits are irrelevant to the Rule 12(b)(6) analysis, which is confined to the pleadings and matters properly subject to notice. The Complaint does not cite MetroList or CRMLS rules. The RJN's materials address issues first raised in the Opposition in response to Defendants' Motion to Dismiss. Plaintiff mentioned CRMLS and MetroList in his Opposition

because of Defendants' assertions that they do not control MLS services, and to further support that Plaintiff has properly alleged tying, or can in the event an Amended Complaint is necessary.

3.     **Misleading and Argumentative Content**

FRE 201(b) permits notice only of facts that not subject to reasonable dispute. By embedding the assertion that Plaintiff's statements are "false" or "contradicted" by the exhibits, Defendants use the RJN as a vehicle for factual argument rather than to establish an adjudicative fact. In his Opposition and Complaint, the Plaintiff clearly disputes that Realtor membership is required for various Realtor services, even though Plaintiff's Complaint makes CAR forms the central issue. Defendants' assertion that the existence of an application and the rules that are stated does not prove the fact in dispute here, which is that Defendants' control Realtor services, and use that control for an unlawful antitrust purpose. Plaintiff does not waive his dispute of the relevant alleged fact(s) regarding MLS services.

Further, Defendants' Request may contradict its intentions of proving that membership is ***not*** required to join the MLS. Please see Defendants' RJN Exhibit 3, Section 4 (PDF page 4), showing that while there is a "participant" class listed in the rules, there is also a subscriber class of MLS users that must be approved by the "AOR" (Association of Realtors). Defendants admit in their Reply (Doc. 15) that Lodi Association of Realtors (or "LAR") is a shareholder in MetroList, though they claim that is irrelevant in the same sentence. Plaintiff disputes that, as well as the Defendants' control over services that Defendants provide and unlawfully tie to membership. And, even if Defendants are correct, Plaintiff's allegation in his Opposition was that in order for him to obtain electronic key access to MetroList listings, he has to join Defendant organizations, which is the relevant assertion by Plaintiff that Defendants do not seem to confront with this Request for Judicial Notice.

4.     **Conflation of Fact and Interpretation**

The existence of publicly available MLS rules may be judicially noticeable, but whether those rules establish that Realtor membership is not required for access to Realtor services is a factual conclusion that is subject to reasonable dispute.

5.     **Authentication and Reliability Concerns**

PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

While Defendants provide URLs, they offer no declaration confirming that the exhibits are true and correct copies of the cited webpages as they existed at any relevant time. Public website content is subject to change and requires proper foundation before use for factual determinations.

## IV. REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

- **Deny** Defendants' RJN in its entirety; or, in the alternative,
- **Limit** judicial notice solely to the fact that the attached documents exist on their respective websites, without accepting the truth of any statements or inferences therein.

DATED: August 18, 2025

_____
CHARLES A. HAMM
Attorney for the Plaintiff, John Diaz

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**